IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-248-BO

| | |
|---|---|
| KENNETH RAY DIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 25, 2017, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed for SSI on December 14, 2012, alleging disability since October 7, 2009. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who considered the claim *de novo* and issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since the application date. Plaintiff's status post amputation of the toes on the right foot, osteoarthritis, epilepsy, dyspnea, obesity, and borderline intellectual functioning were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that claimant had the RFC to perform a reduced range of medium work. At step four the ALJ found that plaintiff could not perform his past relevant work as a truck driver and tobacco packing machine operator but that, considering plaintiff's age, education, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform, including food service worker, store laborer, and dining room

3

attendant. Thus, the ALJ determined that plaintiff was not disabled from the application date through March 11, 2015, the date of his decision.

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

Plaintiff contends that the ALJ's finding that plaintiff could stand and/or walk for six hours out of an eight hour workday is not supported by substantial evidence. All of the toes on plaintiff's right foot were amputated after a lawnmower accident in or around 1989. Tr. 221. In 2013, plaintiff continued to complain of pain in his right foot and was noted to walk "pretty well." *Id.* In July 2015, after the date of the ALJ's decision, plaintiff went to the emergency department complaining of right foot pain and swelling. Tr. 291-94. Plaintiff was referred to wound care and received treatments once per week, during which he complained of pain and loss of balance. Tr. 306. His wound care physicians also advised plaintiff to elevate his foot if there was any edema. Tr. 309.[1] As this evidence is consistent with plaintiff's subjective complaints of pain in his foot and needing to elevate his foot throughout the day, which if credible may well preclude all work, the Court finds that remand of this matter for the ALJ to consider in the first instance the new evidence relating to plaintiff's foot pain and wound issues is appropriate. *See,*

---

[1] Although it was not before the ALJ, this Court may consider this evidence as it was submitted to the Appeals Council and made a part of the record. *See Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991).

4

*e.g., Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (remand is appropriate to consider new material evidence in first instance).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 17] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner further proceedings consistent with the foregoing.

SO ORDERED, this _15_ day of August, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5